

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. 0-4639
Re: Pertaining to claim against
Lawyers Lloyds of Texas, on
fidelity bond by the Board
of Insurance Commissioners
for the benefit of Williamson County Burial Association.

Your letter of June 5, 1942, requests this department to advise you whether or not to accept $2,500.00 tendered by Lawyers Lloyds of Texas or contend for the full amount of a shortage totaling $3,450.00 under the following facts as stated:

"In an examination of the Williamson County Burial Association of Taylor, Texas, by this Department as of November 30, 1941, it was disclosed that the principal officer of the organization, L. H. Latson, could not account for $3,450.00 of Mortuary Funds received by the Association. L. H. Latson, as the principal officer, was bonded with Lawyers Lloyds of Texas in accordance with the requirements of Section 5, Article 5068-1, Vernon's Revised Civil Statutes of Texas. The original bond is dated December 12, 1939, and is in the amount of $2,500.00. On November 29, 1940, Lawyers Lloyds issued an Endorsement extending the 'expiration date' of the bond until December 12, 1941. Lawyers Lloyds has now tendered the sum of $2,500.00 and contends that such is their maximum liability under the two documents mentioned. Since $1,950.00 of the loss was incurred during the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

original period (the bond was effective December 12, 1939, but provides no termination date except by inference in the Endorsement extending the 'expiration date') from December 12, 1939 to December 12, 1940, and $1,500.00 was incurred during the 'extended' period, this Department desires to know if Lawyers Lloyds of Texas is not liable for the full $3,450.00."

You also enclosed a photostatic copy of the bond in question together with the Endorsement.

Under the facts stated, there would necessarily arise for our determination the sole question of whether or not the maximum penalty stated in the bond is cumulative for the extended contract period. Viewing the provisions of the bond from the facts submitted, we are unable to hold the liability of the surety to be less than the full amount of the shortage.

The identical question is involved in Board of Insurance Commissioners v. Lawyers Lloyds of Texas, et al, being No. 65,700, and pending on the docket of the 98th District Court of Travis County, Texas.

We call your attention to Article 4875a-7, Vernon's Annotated Civil Statutes, providing the procedure for recovery on such a bond, which statute reads:

"When the Board is informed that any officer of any such association has violated the terms of either of said bonds it shall demand a written explanation of such officer as to such charge, and if after such explanation the Board is not satisfied as to the existing facts in controversy it shall notify such officer to be and appear in Travis County with such records, writings, and other correspondence and facts as the Board deems proper, not earlier than ten days or later than fifteen days from service

of notice, and it shall there conduct an ex-
amination into such affairs, and if upon such
examination the Board shall become satisfied
that the terms of said bond has been violated
by said officer the Board shall prepare a writ-
ten statement covering said facts and deli-
ver same to the Attorney General of Texas,
whose duty it shall be to investigate said
charges and if satisfied that the terms of
said bond have been violated he shall file
suit on said bond in the name of the Board
of Insurance Commissioners of Texas for the
benefit of the beneficiaries thereof against
said officer as principal and the sureties of
his bond for the recovery of said amounts due
by said officer, and all costs of suit in some
court of competent jurisdiction, in Travis
County, Texas."

In view of the foregoing, it is the opinion of
this Department that all evidence and facts pertaining to
the claim under this bond should be referred to the Attor-
ney General for disposition.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (s) Wm. J. R. King
Assistant

WMK:LM

APPROVED JUL 9, 1942
GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION COMMITTEE
By B. W. B. Chairman